\*\* E-filed on 6/15/05 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA JOHNSON,<br><br>                    Plaintiff,<br><br>           v.<br><br>PW SUPERMARKETS, INC., et al.,<br><br>                    Defendants. | Case Number C 04-5155 JF<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[Docket No. 29] |

Defendant United Food & Commercial Workers International Union, AFL-CIO, Local 428 ("Union") moves to dismiss claims brought by Plaintiff Christina Johnson ("Johnson") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[1] Johnson opposes the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on June 10, 2005. For the reasons set forth below, the motion will be granted without leave to amend.

## I. BACKGROUND

Johnson is a former employee of Defendant PW Supermarkets, Inc. ("Company") and a

---

[1] Johnson also asserts claims against additional defendants including PW Supermarkets, Inc., Stephanie Rivero, Marta Engen and Does 1-10. The instant motion is brought only by the Union.

former member of the Union. Johnson was terminated by the Company on July 2, 2002 and a Board of Adjustment ("Board") was convened on November 12, 2002 to hear her grievance. Johnson requested that her personal attorney be present during the proceeding, but Union representatives denied this request pursuant to section 18.2 of the Collective Bargaining Agreement ("CBA") between the Union, the Company, and the Company's employees. Johnson refused to go forward with the proceeding without her attorney. Johnson's grievance thus was deemed withdrawn and her termination by the Company was upheld by the Board.

On October 21, 2004, Johnson filed suit in the Santa Clara Superior Court against the Company, the Union, and individual defendants. The case was removed to this Court on December 3, 2004. Johnson alleged the following claims against the Union: 1) racial discrimination, 2) wrongful termination, 3) breach of covenant of good faith and fair dealing, 4) breach of contract, 5) intentional infliction of emotional distress ("IIED") and 6) negligent infliction of emotional distress ("NIED"). On March 15, 2005, the Court granted the Union's motion to dismiss claims 1-3 without leave to amend and claims 4-6 with leave to amend. Johnson filed an amended complaint and the Union now moves to dismiss claims 4-6 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id*. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55. Motions to

dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

### III. DISCUSSION

#### A. Breach of Contract Claim

Johnson alleges a state law breach of contract claim against the Union. Any cause of action that "can be resolved only by referring to the terms of the [collective bargaining] agreement" is preempted by Section 301 of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Cook v. Lindsay Olive Grower*, 911 F.2d 233, 237 (9th Cir. 1990). Johnson argues that because she was wholly denied access to the Union's grievance procedures, her claim does not depend on whether she was fairly represented by the Union under the terms of the CBA. However, Johnson's complaint stems from the exclusion of her attorney, which was pursuant to a specific provision of the CBA governing who may attend a Board proceeding. Because Johnson is suing for breach of the CBA, and because the facts alleged by Plaintiff would not, if proved, establish a breach of the CBA on its face, resolution of this claim necessarily requires interpretation of the CBA. Accordingly, the Court concludes that Johnson's breach of contract claim is preempted by the LMRA.

#### B. Intentional and Negligent Infliction of Emotional Distress Claims

Johnson further alleges that the Union intentionally and negligently inflicted emotional distress upon her when they refused to follow through with her Board proceeding. "Even suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" *Miller v. AT&T Network Systems*, 850 F.2d 543, 545 (9th Cir. 1988) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)). Johnson's IIED and NIED claims necessarily require interpretation of the CBA to determine the duty of care owed by the parties and the propriety of the Union's conduct. The Court thus concludes that these claims also are preempted by the LMRA. Moreover, Johnson has not alleged facts sufficient to support a claim that the Union engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the chance of causing, emotional distress, which is an element of an IIED

1  claim. *Newberry v. Pac. Racing. Ass'n*, 854 F.2d 1142, 1149 (9th Cir. 1988). Nor has Johnson
2  alleged facts sufficient to support a claim that the Union engaged in conduct that it should have
3  reasonably known would cause emotional distress, which is an element of an NIED claim.
4  *Cramer v. Consolidated Freightways, Inc.*, 209 F.3d 1122, 1133 (9th Cir. 2000).

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss by Union Food & Commercial Workers International Union, AFL-CIO, Local 428 is GRANTED WITHOUT LEAVE TO AMEND.[2]

DATED: June 15, 2005

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

---

[2] The Court concludes that Johnson's state law claims are preempted by the LMRA, though Johnson theoretically could have raised these claims under the LMRA. However, it appears from the facts of the case that any such claims would be time-barred by the LMRA's six month statute of limitations. *See Cook*, 911 F.2d at 237.

4

This Order has been served upon the following persons:

| | |
|---|---|
| Thomas M. Gosselin | tom@pahl-gosselin.com |
| David Albert Rosenfeld | courtnotices@unioncounsel.net |
| Servando R. Sandoval | ssandoval@pahl-gosselin.com |
| Steven E. Springer | sespringer@earthlink.net, info@springerlawfirm.com |

5

Case No. C 04-5155 JF
ORDER GRANTING MOTION TO DISMISS
(JFEX2)